**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JAMES JOHNSON, | ) | CASE NO.: 1:17CV02624 |
| | ) | |
| Petitioner, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | |
| | ) | |
| BRANDESHAWN HARRIS,[1] Warden, | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |

**CHRISTOPHER A. BOYKO, J.:**

This matter comes before the Court on Petitioner James Johnson's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus. (Doc. 1). For the foregoing reasons, the Court accepts and adopts the Magistrate Judge's Report and Recommendation. The Court **DISMISSES** Grounds One, Two and Three as procedurally defaulted; and **DISMISSES** Ground Four as time-barred.

**FACTS**

The following is a synopsis of Petitioner's claims. The Magistrate Judge's Report and Recommendation, adopted and incorporated herein, provides a more complete and detailed

---

[1] According to the Ohio Department of Rehabilitation and Correction website, Brandeshawn Harris is now the Warden of Trumbull Correctional Institution. *See* https://www.drc.ohio.gov/tci. Thus, the docket should reflect Warden Brandeshawn Harris as the Respondent in this case.

discussion of both the facts and procedural history of the matter.

In June of 2014, a Cuyahoga County Grand Jury indicted Petitioner on four counts of Rape in violation of Ohio Rev. Code ("O.R.C.") § 2907.02(A)(1)(b) and four counts of Kidnapping in violation of O.R.C. § 2905.01(A)(4). On August 22, 2014, the Jury found Petitioner Guilty of one count each of Rape and Kidnaping. On September 24, 2014, the trial court sentenced Petitioner to twenty-five years to life imprisonment.

On October 13, 2014, Petitioner filed a notice of appeal. He asserted four assignments of error. The appellate court affirmed Petitioner's conviction on April 21, 2016. After a *pro se* motion, the Ohio Supreme Court denied Petitioner's Motion for a Delayed Appeal on December 14, 2016.

On February 9, 2017, Petitioner filed a *pro se* Motion to Correct Void Sentence, in which he asserted his "sentence of 25 years to life is contrary to law and thus void." (Doc. 7-1 at 139). The state trial court denied this Motion on March 8, 2017. Petitioner filed a Notice of Appeal of this decision on April 12, 2017. The state appellate court dismissed the appeal as untimely on April 25, 2017.

On July 12, 2017, Petitioner filed a Motion for Leave to File Delayed Appeal and Notice of Appeal with the state appellate court. On August 2, 2017, the state appellate court denied Petitioner's Motion for Leave to File Delayed Appeal. On September 15, 2017, Petitioner filed a Notice of Appeal with the Supreme Court of Ohio. The Supreme Court of Ohio declined to accept jurisdiction of the appeal pursuant to S.Ct.Prac.R. 7.08(B)(4) on December 20, 2017.

On December 18, 2018, Petitioner filed a *pro se* Motion under Ohio Appellate Rule 26(B) to re-open his appeal. On February 12, 2019, the state appellate court denied the application as untimely. *State v. Johnson*, 2019 WL 643560, *1 (Ohio. App. 8th Dist. Feb. 12, 2019).

On December 11, 2017, Petitioner filed the current Petition under 28 U.S.C. § 2254. Petitioner asserted the following grounds for relief:

> **GROUND ONE:** Petitioner's convictions for rape and kidnapping were against the manifest weight of evidence, in violation of his due process protections under the Fourteenth Amendment to the U.S. Constitution.
>
> **GROUND TWO:** Petitioner was denied a fair trial when the prosecutor engaged in prosecutorial misconduct during closing argument by referencing his post-arrest silence, which violated Petitioner's due process protections under the Fourteenth Amendment to the U.S. Constitution.
>
> **GROUND THREE:** Petitioner was denied effective assistance of trial counsel in violation of his Sixth Amendment right to counsel and his Fourteenth Amendment to due process of law.

On March 29, 2018, Petitioner filed a Motion to Amend his Petition. The Court granted Petitioner's Motion to Amend. On June 29, 2018, Petitioner filed a Traverse, alleging the following new ground for Relief:

> **GROUND FOUR:** Petitioner contends that his rights to Due Process and Equal Protection under the Fourteenth Amendment to the U.S. Constitution were violated when the trial court imposed a void sentence of 25 years to life on his charge of rape under O.R.C. 2907.02(A)(1)(b).

This Court referred the Petition to Magistrate Judge Jonathan D. Greenberg for a Report and Recommendation. On April 4, 2019, the Magistrate Judge issued his Report and Recommendation, in which he recommended that the Court dismiss the Petition as procedurally defaulted and time barred. On May 22, 2019, Petitioner mailed his Objection to the Report and Recommendation.

## STANDARD OF REVIEW

When a Federal habeas claim has been adjudicated by the state courts, 28 U.S.C. § 2254(d) provides the writ shall not issue unless the state decision (1) "was contrary to, or involved an unreasonable application of, clearly established Federal law as determined by the Supreme Court of

the United States;" or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d)(1)-(2). Further, a Federal court may grant habeas relief if the state court arrives at a decision opposite to that reached by the Supreme Court of the United States on a question of law, or if the state court decides a case differently than did the Supreme Court on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-406 (2000). The appropriate measure of whether or not the state court decision unreasonably applied clearly established Federal law is whether that state adjudication was "objectively unreasonable" and not merely erroneous or incorrect. *Id.* at 409-411.

Pursuant to 28 U.S.C. § 2254(e)(1), findings of fact made by the state court are presumed correct, rebuttable only by clear and convincing evidence to the contrary. *McAdoo v. Elo*, 365 F.3d 487, 493-94 (6th Cir. 2004). Finally, Rule 8(b)(4) of the Rules Governing § 2254 states:

> A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify in whole or in part any findings or recommendations made by the magistrate.

## LAW AND ANALYSIS

**Grounds One, Two and Three - Exhaustion and Procedural Default**

The Magistrate recommended this Court find that Petitioner failed to exhaust his state remedies when he failed to timely appeal to the Supreme Court of Ohio. The Magistrate also recommended this Court find Petitioner's claims were procedurally defaulted. The Magistrate determined "[Petitioner]'s failure to timely appeal to the Supreme Court of Ohio, in conjunction with that court's denial of his Motion for Delayed Appeal, resulted in procedural default." (Doc. 14 at 13).

In his Objections to the Magistrate's Report & Recommendation, Petitioner asserts his claim was not procedurally defaulted because the Supreme Court of Ohio's decision to deny his Motion for

Delayed Appeal was "wholly discretionary... and thereby fails the test for adequacy as outlined in *Maupin*."[2] (Doc. 14 at 10). To support his claim, Petitioner cites *Dietz v. Money*, 391 F.3d 804 (6th Cir. 2004). Later United States Supreme Court decisions have abrogated the reasoning in *Dietz* to which Petitioner's Objection is based.[3] The Sixth Circuit has determined the United States Supreme Court cases "permit a state procedural rule to serve as an adequate state ground for preventing a review of a habeas petition even if the state rule accords courts broad discretion." *Stone v. Moore*, 644 F.3d 342, 348 (6th Cir. 2011). Further, the Sixth Circuit expressly stated "*Deitz* is no longer the controlling law on this issue in our circuit." *Id.* The Court finds, in light of the more recent case law, that Petitioner's claim of lack of adequacy is without merit.

The Court agrees with the Magistrate's procedural default analysis and finds that Petitioner's failure to timely appeal to the Supreme Court of Ohio, in conjunction with that court's denial of his Motion for Delayed Appeal, resulted in procedural default.

**Cause and Prejudice to Excuse Procedural Default**

Since Petitioner procedurally defaulted Grounds One, Two and Three, he must establish cause

---

[2] In *Maupin*, the Sixth Circuit established a four-step analysis to determine whether a claim is procedurally defaulted. 785 F.2d at 135. Under this test, the Court decides (1) whether the petitioner failed to comply with an applicable state procedural rule, (2) whether the state courts actually enforced the state procedural sanction, (3) whether the state procedural bar is an "independent and adequate" state ground on which the state can foreclose federal review, and (4) whether the petitioner has demonstrated "cause" and "prejudice." Id. at 138–39.

[3] *See Beard v. Kindler*, 130 S. Ct. 612 (2009) ("a discretionary rule can serve as an adequate ground to bar federal habeas review."); *Walker v. Martin*, 131 S. Ct. 1120 (2011) (California rule requires state habeas to be filed "as promptly as the circumstances allow" and without "substantial delay." This inherent discretion does not mean the rule is not firmly established and regularly followed).

and prejudice to excuse his default.[4] Petitioner argues that his procedural default is excused by his lack of access to a prison notary.

Petitioner would be entitled to "a merits review of this claim if he can demonstrate cause for the default and prejudice resulting therefrom, or that failure to review the claim would result in a fundamental miscarriage of justice. *See Lundgren* [*v. Mitchell*], 440 F.3d [754], 763." (Doc. 14 at 13). The Magistrate recommended the Court find Petitioner's argument that procedural default should be excused due to the lack of availability of a notary to be unsubstantiated by the record. Ultimately, Petitioner has not provided any evidence of his efforts to obtain a notary.

In his Objections to the Magistrate's Report & Recommendation, Petitioner offers a more expansive narrative on his delayed appeal to the Supreme Court of Ohio. Petitioner reiterates the lack of access to a notary as a cause of the procedural delay. Petitioner does concede that he did not attempt to file his appeal until months after seeing the notary. (Doc.16 at 3). Petitioner has refused to offer any explanation, stating it is immaterial, as to why he waited four months to file his motion after being notified of the need for a notary. (Doc.11 at 3). Petitioner also vaguely alleges, without providing evidence specific to his case, that there are many delays associated with incarceration. These arguments have no merit. Courts routinely hold that lack of actual notice or "ignorance of the law, even for an incarcerated *pro se* petitioner generally does not excuse [late] filing." *Fisher v. Johnson*, 174 F.3d 710, 714-15 (5th Cir. 1999); *see also United States v. Baker*, 197 F.3d 211, 218 (6th Cir. 1999); *Johnson v. United States*, 544 U.S. 295, 311 (2005). ("[W]e have never accepted pro se representation alone or procedural ignorance as an excuse for prolonged inattention when a

---

[4] While Petitioner could also demonstrate his actual innocence to excuse his procedural default, Petitioner has not attempted to advance that argument. *See Schlup v. Delo*, 513 U.S. 298, 324 (1995) (procedural default may be excused by a claim of actual innocence).

statute's clear policy calls for promptness").

Accordingly, Petitioner's incarceration and lack of notary cannot serve as cause to excuse his procedural default. The Court declines to address the issue of prejudice because Petitioner did not establish cause to excuse his procedural default. Therefore, Grounds One, Two and Three are dismissed.

**Ground Four - Statute of Limitations**

    *i.*    *One-Year Limitation - § 2244(d)(1)(A)*

The AEDPA's one year period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). However, this one-year limitation is tolled during the time "'a properly filed application for state post-conviction or other collateral review...is pending.' § 2244(d)(2)." *Evans v. Chavis*, 546 U.S. 189, 191 (2006). Only "properly filed" applications for post-conviction relief or collateral review toll the statute of limitations, and "a state postconviction petition rejected by the state court as untimely is not 'properly filed' within the meaning of § 2244(d)(2)." *Allen v. Siebert*, 552 U.S. 3, 5 (2007) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 410 (2005)).

Here, Petitioner was sentenced on September 24, 2014 and timely appealed on October 13, 2014. The Eighth District affirmed his conviction and sentence on April 21, 2016. Petitioner then had 45 days, or until June 6, 2016, to appeal to the Supreme Court of Ohio, but failed to successfully do so. As such, Petitioner's conviction and sentence became "final" on June 6, 2016. Thus, the statute of limitations for habeas purposes commenced June 7, 2016.

The statute of limitations was tolled several times due to Petitioner's post-conviction filings. Those filings and effect on the statute of limitations can be summarized as follows:

- June 7, 2016 - October 27, 2016 (142 days expired) - Petitioner filed Motion for Leave to File a Delayed Appeal with the Supreme Court of Ohio.

- December 14, 2016 - Supreme Court of Ohio denied Petitioner's Motion.

- December 15, 2016 - February 9, 2017 (56 days expired) - Petitioner filed Motion to Correct Void Sentence with the state trial court.

- March 8, 2017 - Trial Court denied Petitioner's Motion.

- March 9, 2017 - July 12, 2017 (125 days expired) - Petitioner filed Motion for Leave to File Delayed Appeal with the state appellate court. The state appellate court denied his Motion for Leave, and Petitioner appealed to the Supreme Court of Ohio.

- December 20, 2017 - Supreme Court of Ohio denied to accept jurisdiction of Petitioner's appeal.

- December 21, 2017 - February 1, 2018 - Statute of limitations resumes, and expires.

The statutory limitations period expired on February 1, 2018. Anything filed after this date has no further tolling effect. *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003). While Petitioner timely filed his initial Federal habeas Petition on December 11, 2017, he did not file a motion to amend this Petition until March 29, 2018.[5] (Doc. 1 at 8). Thus, Petitioner's attempt to add a fourth Ground for Relief is outside the one-year statutory period.

ii.  *Relation Back to the Original Petition*

When a petitioner asserts a new, otherwise-untimely claim "tied to a common core of operative facts" as a timely filed claim, the new claim will be considered timely filed if it "relates back" to the previously filed claim. *Mayle v. Felix*, 545 U.S. 644, 664 (2005). A new claim "does

---

[5] The filing of a Federal habeas petition has no tolling effect upon the calculation of the AEDPA statute of limitations. *Duncan v. Walker*, 533 U.S. 167, 181 (2001)(holding an application for Federal habeas corpus review does not toll the AEDPA limitation period).

not relate back when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." *Id*. at 650.

The Magistrate found Petitioner's Federal habeas Petition, containing three Grounds for Relief, was timely filed. However, Ground Four did not "share a factual basis" with any claims raised in the original Petition, it did not relate back and is therefore, time barred. *Wiedbrauk v. Lavigne*, 174 F. App'x 993, 1002 (6th Cir. 2006) ("[i]t is not sufficient that the newly asserted claims 'relate to the same trial, conviction, or sentence as a timely filed claim[,]'")(quoting *Mayle*, 545 U.S. at 662). Petitioner reasserts his same arguments in his Objection to the Report & Recommendation. While doing so, Petitioner does not present a single argument on why Ground Four relates back. Since the Magistrate had already considered all of Petitioner's arguments, the Magistrate's Recommendation under § 2244(d)(1)(D) is well taken, and the Court adopts the Report and Recommendation.

### iii. *Equitable Tolling*

Equitable tolling allows courts to review time-barred habeas petitions "provided that 'a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control.'" *Robinson v. Easterling*, 424 Fed. Appx. 439, 442 (6th Cir. 2011) (quoting *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010)). A habeas petitioner is entitled to equitable tolling only if he establishes that (1) he has been pursuing his rights diligently and (2) "some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 632 (2010).

The Magistrate found that Petitioner is not entitled to equitable tolling. The Magistrate also determined that Petitioner has not been reasonably diligent in pursuing his rights.

Petitioner did not timely file a direct appeal with the Supreme Court of Ohio. Further, Petitioner makes no argument as to why it took him two years after sentencing to file his Motion to Correct Void Sentence with the state trial court. Most significantly, the Supreme Court of Ohio declined to accept jurisdiction of his appeal on December 20, 2017. However, Petitioner did not file his Motion to Amend with this Court until three months later, on March 29, 2018. Given the fact that Petitioner was able to file multiple filings with the state courts, the Magistrate found that there was not any "extraordinary circumstance" that prevented Petitioner from timely filing his habeas petition.

The Magistrate determined that there was no merit in Petitioner's claim that the statute of limitations does not pose a bar to review because Ground Four pertains to the validity of his sentence and "a void sentence is a legal nullity and may be attacked at any time." (Doc. 13 at 2). There is no merit to this claim because "habeas petitioners cannot evade the AEDPA's statute of limitations 'by the simple expedient of arguing that [the challenged] conviction is void.'" *Naegele v. Warden*, 2014 WL 2006797, *7 (S.D. Ohio 2014).

Petitioner's Objection to the Report and Recommendation claims "Ohio courts have adversely affected [Petitioner]'s ability to be more diligent.". (Doc. 16 at 6). Petitioner claims the trial court failed to provide him proper notice of the denial of his Motion to Correct Void Sentence. *Id.* Petitioner then inexplicably waited months before he filed a Motion for Delayed Appeal. (Doc. 7-1 at 176). Petitioner's numerous inexplicable delays between filings do not demonstrate the diligence required for equitable tolling.

Accordingly, Ground Four is dismissed.

## CONCLUSION

For the foregoing reasons, the Court **ADOPTS** and **ACCEPTS** the Magistrate Judge's Report and Recommendation; **DISMISSES** Grounds One, Two and Three as procedurally defaulted and **DISMISSES** Ground Four as time barred.

The Court finds an appeal from this decision could not be taken in good faith. 28 U.S.C. § 1915(a)(3). Since Petitioner has not made a substantial showing of a denial of a constitutional right directly related to his conviction or custody, the Court declines to issue a certificate of appealability. 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b); Rule 11 of Rule Governing § 2254 Cases.

**IT IS SO ORDERED.**

   s/Christopher A. Boyko
**CHRISTOPHER A. BOYKO**
**United States District Judge**

**Dated: October 21, 2019**